No. 12-2955

**In the United States Court of Appeals
for the Eighth Circuit**

Tim Lors, *Plaintiff-Appellant*,

v.

Jim Dean, et al., *Defendants-Appellees*.

————————————————————

Appeal from the United States District Court
for the District of South Dakota—Pierre

————————————————————

**Petition for Rehearing or in the Alternative for Rehearing *En Banc***

————————————————————

Samuel R. Bagenstos
625 S. State St.
Ann Arbor, MI  48109
(734)647-7584
sbagen@gmail.com
*Counsel for Plaintiff-Appellant*

Appellate Case: 12-2955     Page: 1     Date Filed: 08/20/2013 Entry ID: 4067046

# Table of Contents

Background ................................................................................................ 2

Argument ................................................................................................... 4

    A.  The Panel Failed to Heed the Supreme Court's Decisions in *Tennessee v. Lane* and *United States v. Georgia* .............................. 6

    B.  The Panel's Rejection of Lors's *Ex parte Young* Claim Conflicts with the Supreme Court's Decision in *VOPA v. Stewart* .......... 12

Conclusion ............................................................................................... 14

Appendix (Panel Opinion)

# Table of Authorities

**Cases:**

*Alaska v. EEOC*, 564 F.3d 1062 (9th Cir. 2009) (*en banc*), cert. denied, 558 U.S. 1111 (2010) ...................................................................... 5, 10, 12

*Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th Cir. 1999) (*en banc*), cert. dismissed, 529 U.S. 1001 (2000) ............................................................ 8

*BE & K Construction Co. v. NLRB*, 536 U.S. 516 (2002) ......................... 11

*Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001) ...................................................................................... 6, 8, 10

*Campbell v. Arkansas Dep't of Correction*, 155 F.3d 950 (8th Cir. 1998) ................................................................................. 12

*Connick v. Myers*, 461 U.S. 138 (1983) ................................................... 11

*Demshki v. Monteith*, 255 F.3d 986 (9th Cir. 2001) ......................... 8, 9, 10

*Elder v. Holloway*, 510 U.S. 510 (1994) .................................................... 9

i

**Cases, ctd.:**

*Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*)............................... 14

*Ex parte Young*, 209 U.S. 123 (1908).................................................. *passim*

*Gunter v. Morrison*, 497 F.3d 868 (8th Cir. 2007) .................................... 11

*McCullough v. Univ. of Arkansas for Med. Sciences*, 559 F.3d 855 (8th Cir. 2009)................................................................................ 11

*NAACP v. Button*, 371 U.S. 415 (1963)................................................ 11

*Richardson v. Sugg*, 448 F.3d 1046 (8th Cir. 2006) ................................. 11

*Tennessee v. Lane*, 541 U.S. 509 (2004) ........................................ *passim*

*United States v. Georgia*, 546 U.S. 151 (2006) ................................. *passim*

*Virginia Office for Protection and Advocacy v. Stewart*, 131 S. Ct. 1632 (2011)........................................................................... *passim*

**Constitutional Provisions, Statutes, and Rules:**

First Amendment ................................................................ *passim*

Sixth Amendment ...................................................................... 7

Eighth Amendment ..................................................................... 7

Fourteenth Amendment ............................................................ 5, 7, 8

    Due Process Clause ......................................................... 5, 7, 10

    Equal Protection Clause..................................................... 5, 6, 8

28 U.S.C. § 2403(a) ......................................................... 1, 3, 5, 9

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ............................... 2

Appellate Case: 12-2955    Page: 3    Date Filed: 08/20/2013 Entry ID: 4067046

**Constitutional Provisions, Statutes, and Rules, ctd.:**

Government Employee Rights Act, 42 U.S.C. § 2000e-16a .................... 10

Americans with Disabilities Act ........................................... *passim*

    Title I, 42 U.S.C. § 12111 *et seq.* ................................ 2, 6, 10

    Title II, 42 U.S.C. § 12131 *et seq.* ............................... 7, 8, 10

    42 U.S.C. § 12202 ................................................ 6

    42 U.S.C. § 12203 ................................................ 2, 10

Fed. R. Civ. P. 12(b)(1) .................................................. 13

Fed. R. Civ. P. 12(e) .................................................... 13

Fed. R. App. P. 35 ....................................................... 1

Fed. R. App. P. 40 ....................................................... 1

Fed. R. App. P. 44(a) .................................................... 3, 5, 9

Appellate Case: 12-2955    Page: 4    Date Filed: 08/20/2013 Entry ID: 4067046

Pursuant to Federal Rules of Appellate Procedure 35 and 40, Plaintiff-Appellant Tim Lors hereby moves for rehearing by the panel or, in the alternative, by this Court sitting *en banc*. The panel's decision of August 8, 2013, raises a question of exceptional importance—*viz.*, whether Congress exceeded its constitutional power when it abrogated sovereign immunity for retaliation claims by state employees under the Americans with Disabilities Act (ADA). By holding that Congress lacked that power—and that the ADA is, to that extent, unconstitutional—the panel's decision conflicts with the Supreme Court's decisions in *Tennessee v. Lane*, 541 U.S. 509 (2004), and *United States v. Georgia*, 546 U.S. 151 (2006). And by refusing to permit Lors's *Ex parte Young* claim for reinstatement to proceed, the panel's decision conflicts with the Supreme Court's decision in *Virginia Office for Protection and Advocacy v. Stewart*, 131 S. Ct. 1632 (2011) (*VOPA*). The panel should therefore grant rehearing; certify the question to the Attorney General as 28 U.S.C. § 2403(a) requires; withdraw its ruling that Lors's claim is barred by sovereign immunity; proceed to the merits; and reverse for the reasons stated in Lors's opening and reply briefs. In the alternative, this Court should grant rehearing *en banc* and take the same steps.

Appellate Case: 12-2955     Page: 5     Date Filed: 08/20/2013 Entry ID: 4067046

## Background

This lawsuit seeks to challenge the State of South Dakota's termination of Lors's employment as retaliation for Lors's filing of an earlier disability discrimination lawsuit. Lors worked for the State of South Dakota from 1996 to 2009. R. 57 at 2. In 2004, Lors was working as a computer support team leader when his supervisors transferred him to a lesser position. *Id.* Alleging that his supervisors took that action because he had diabetes, Lors filed a lawsuit claiming that the transfer violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title I of the ADA, 42 U.S.C. § 12111 *et seq.*. Panel op. 2. The District Court for the District of South Dakota granted the defendants summary judgment in December 2008. *Id.* In April 2009, while Lors's appeal from that judgment was pending in this Court, the state terminated Lors's employment. *Id.*

Lors filed this lawsuit, *pro se*, to challenge his termination. Panel op. 3.[1] Defendants included the state as well as six state officials. R. 1 at 1, 3. As relevant here, Lors alleged that the state fired him in retaliation for his earlier lawsuit, in violation of the anti-retaliation provision of Title V of the ADA, 42 U.S.C. § 12203. In its prayer for relief, Lors's *pro se* complaint

---

[1] Lors later retained counsel while defendants' motion for summary judgment was pending in the district court. The undersigned counsel was not retained until after the panel issued its decision on this appeal.

Appellate Case: 12-2955     Page: 6     Date Filed: 08/20/2013 Entry ID: 4067046

sought damages and injunctive relief. See Panel op. 9 n.5. The answer included a boilerplate statement that sovereign immunity barred Lors's claim, R. 6 at 2, but defendants never filed a motion to dismiss on sovereign immunity grounds. Instead, they moved for summary judgment on the ground that the claim was precluded by earlier state proceedings in which Lors challenged his termination and urged his entitlement to unemployment compensation. R. 13, 14. The district court granted the motion for summary judgment on issue preclusion grounds, without discussing any sovereign immunity question. R. 57.

Lors brought this appeal. In their appellees' brief, the defendants again failed to argue that sovereign immunity barred Lors's claim. But on April 23, 2013, less than one month before oral argument, the panel raised the sovereign immunity issue *sua sponte*. See *Lors v. Dean*, No. 12-2955 (order of Apr. 23, 2013). It directed the parties to file simultaneous letter briefs of no more than 10 pages within 10 days addressing the question whether Congress had the power to abrogate state sovereign immunity for retaliation claims such as Lors's. *Id.* Although its order called into question the constitutionality of a federal statute, the panel did *not* certify the constitutional question to the Attorney General and invite the United States to intervene as required by 28 U.S.C. § 2403(a) and Fed. R. App. P. 44(a).

3

Following oral argument on May 14, 2013—less than two weeks after the filing of these supplemental briefs—the panel issued its decision on August 8. The panel held that Congress lacked constitutional power to abrogate state sovereign immunity in cases in which the plaintiff alleged that the state retaliated against him for asserting the right to be free from employment discrimination under the ADA. Panel op. 5-8.

Although Lors's complaint specifically sought injunctive relief—and specifically named as defendants a number of state officials in their official capacities—the panel concluded that Lors could not benefit from the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), which permits actions for prospective injunctive relief against state officials sued in their official capacities. Panel op. 8-10. The panel recognized that Lors had "argue[d] that reinstatement to his previous employment would be an appropriate injunctive remedy." Panel op. 8. But because Lors's *pro se* complaint did not specifically mention reinstatement but rather made "only a generic prayer for unspecified injunctive relief," Panel op. 8-9, the panel concluded that the complaint "did not plead a claim for prospective injunctive relief," Panel op. 10.

## Argument

By raising a complex question regarding the constitutionality of a federal statute *sua sponte*, giving the parties only 10 days to brief that question

4

less than a month before oral argument, and failing to notify the Attorney General as required by 28 U.S.C. § 2403(a) and Fed. R. App. P. 44(a), the panel led itself to erroneously decide a matter of exceptional importance.

In holding that Congress lacked the power to abrogate state sovereign immunity against claims of retaliation for asserting rights against employment discrimination under the ADA, the panel failed to heed (or even to cite) the Supreme Court's decisions in *Lane* and *Georgia*. *Lane* and *Georgia* held that the ADA validly abrogates sovereign immunity in any case or class of cases in which the statute enforces a constitutional right incorporated in the Fourteenth Amendment, whether or not the constitutional right is founded in equal protection. As the Ninth Circuit recognized in *Alaska v. EEOC*, 564 F.3d 1062 (9th Cir. 2009) (*en banc*), cert. denied, 558 U.S. 1111 (2010)—another case the panel neither heeded nor cited—retaliation claims vindicate the First Amendment right of government employees to speak on matters of public concern (a right incorporated in the Due Process Clause). The panel's contrary conclusion conflicts with Supreme Court precedent. And by concluding that Lors's *Ex parte Young* claim could not proceed because his *pro se* complaint did not specifically list reinstatement in his prayer for relief—even though it did specifically request injunctive relief—the panel created a conflict with the Supreme Court's holding that the availabil-

5

ity of *Ex parte Young* relief depends on nothing more than "a straightforward inquiry" into whether the complaint "seeks relief properly characterized as prospective," *VOPA*, 131 S. Ct. at 1634 (internal quotation marks omitted). These conflicts demand further review.

### A. The Panel Failed to Heed the Supreme Court's Decisions in Tennessee v. Lane *and* United States v. Georgia

As the panel recognized, Panel op. 5, Congress explicitly abrogated states' sovereign immunity against lawsuits under the ADA. See 42 U.S.C. § 12202. The Supreme Court has had numerous occasions to address the constitutionality of that abrogation. In *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001), the Court held that Congress lacked power to abrogate state sovereign immunity in cases challenging disability discrimination in employment under Title I of the ADA. The *Garrett* Court concluded that Title I's prohibitions were not "congruent and proportional" to any record of state violations of the Equal Protection Clause—the only constitutional right the Court found relevant to disability discrimination in employment. *See id.* at 365-374.

But in *Lane* and *Georgia*, cases brought under Title II of the ADA to challenge state practices that did not involve employment discrimination, the Court concluded that Congress *did* have the power to abrogate state sovereign immunity. In *Lane*, 541 U.S. at 533-534, the Court held that Title II's

6

abrogation was valid at least as applied "to the class of cases implicating the fundamental right of access to the courts." As the Court explained, that "fundamental right" was protected by an array of constitutional guarantees incorporated in the Fourteenth Amendment's Due Process Clause, including the Sixth Amendment's guarantees of confrontation and trial by jury and the First Amendment's guarantee to the public of access to criminal proceedings. *See id.* at 523. Even though the *Lane* plaintiffs might not *themselves* have experienced a violation of their Fourteenth Amendment rights, the Court held that the application of the ADA was a valid means of enforcing the Fourteenth Amendment—and thus validly abrogated sovereign immunity in their cases—because it was "a reasonable prophylactic measure, reasonably targeted to a legitimate end." *Id.* at 533. In *Georgia*, 546 U.S. at 158-159, the Court held that Title II's abrogation was valid in an individual case in which the state conduct that violated the statute also violated the Fourteenth Amendment (there, the Eighth Amendment's guarantee against cruel and unusual punishments, as incorporated in the Due Process Clause). The *Georgia* Court set forth a precise sequence courts should follow in addressing ADA abrogation questions. See *id.* at 159. The Court directed lower courts to determine, "on a claim-by-claim basis":

> (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amend-

7

ment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Id.*

The panel did not follow the sequence the Supreme Court dictated in *Georgia*. Believing the case to be controlled by *Garrett*, Panel op. 6-7, the panel did not so much as cite *Georgia* or *Lane*. In ruling that Congress lacked power to abrogate state sovereign immunity in ADA employment-retaliation cases, the panel relied principally on two appellate cases: *Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th Cir. 1999) (*en banc*), cert. dismissed, 529 U.S. 1001 (2000); and *Demshki v. Monteith*, 255 F.3d 986 (9th Cir. 2001). But both *Alsbrook* and *Demshki* predate the Supreme Court's decisions in *Lane* and *Georgia*. And *Lane* and *Georgia* fatally undermine both of those cases. *Alsbrook* held that Congress could not validly abrogate sovereign immunity against suits brought under Title II of the ADA, see *Alsbrook*, 184 F.3d at 1010, a holding that rested on the premise that the only constitutional rights Congress could attempt to enforce under the ADA were those based on the Equal Protection Clause, see *id.* at 1006. But *Lane* and *Georgia* decisively rejected both that holding and its underlying premise. And *Demshki* simply applied *Garrett*'s analysis of the congruence and proportionality of Congress's prohibition of disability-based *em-*

8

*ployment discrimination* to the related but distinct context of *retaliation* against those who complain about employment discrimination—without ever considering the quite different constitutional rights, rooted in the First Amendment, that Congress is enforcing in the retaliation context. See *Demshki*, 255 F.3d at 988-989. *Lane* and *Georgia* decisively rejected such an unduly narrow analysis of congressional abrogations of sovereign immunity.[2]

Had the panel followed the analysis required by *Lane* and *Georgia*, it would have been required to conclude that Congress validly abrogated states' sovereign immunity against suits alleging retaliation under the ADA—in and out of the employment context. The panel evidently concluded that the only constitutional rights enforced by an anti-retaliation provision are the same rights enforced by the underlying prohibition against discrimi-

---

[2] Lors's prior counsel did not cite *Lane* and *Georgia* in the supplemental brief on sovereign immunity filed in response to the panel's pre-argument order. But a party cannot waive the applicability of a relevant case simply by failing to cite it. See *Elder v. Holloway*, 510 U.S. 510 (1994). It would be ironic to dismiss Lors's entire case on the basis of sovereign immunity—an issue the defendants did not press in the district court or this Court—but to rule that Lors waived the opportunity to rely on relevant and controlling Supreme Court precedent because his counsel failed to cite it when given 10 days, shortly before oral argument, to brief this complex constitutional issue for the first time. Moreover, the United States would surely have addressed those cases had this Court complied with 28 U.S.C. § 2403(a) and Fed. R. App. P. 44(a) and invited the Attorney General to intervene to defend the constitutionality of the ADA's abrogation in this context.

9

nation.  See Panel op. 7 (endorsing *Demshki*'s conclusion that "the Supreme Court's holding in *Garrett* necessarily applies to claims brought under Title V of the ADA [which includes the anti-retaliation provision], at least where, as here, the claims are predicated on alleged violations of Title I") (internal quotation marks omitted).

But anti-retaliation provisions do more than simply enforce the underlying prohibitions of discrimination to which they are attached.  Laws protecting state employees against retaliation also enforce the First Amendment right, incorporated in the Due Process Clause, to speak on matters of public concern.  In its post-*Demshki en banc* decision in *Alaska v. EEOC*, 564 F.3d at 1069-1071, the Ninth Circuit held that the anti-retaliation provision of the Government Employee Rights Act, 42 U.S.C. § 2000e-16a, validly abrogated state sovereign immunity because it enforced that right.  See also *Lane*, 541 U.S. at 523 (relying in part on First Amendment right of public access to judicial proceedings in holding that ADA Title II validly abrogated sovereign immunity in the access-to-courts context).

The panel should have applied the same analysis to Lors's retaliation claim.  Although the complainant in *Alaska* alleged retaliation for statements she made in a press conference, see *Alaska*, 564 F.3d at 1069, Lors's filing of litigation challenging the state's discrimination is no less entitled to First

10

Amendment protection. It is well settled that litigation is an exercise of First Amendment rights, see, *e.g.*, *BE & K Construction Co. v. NLRB*, 536 U.S. 516, 524-525 (2002); *NAACP v. Button*, 371 U.S. 415, 429-431 (1963), and allegations of discrimination are inherently matters of public concern, see *Connick v. Myers*, 461 U.S. 138, 146 (1983); *Richardson v. Sugg*, 448 F.3d 1046, 1062 (8th Cir. 2006) ("matters of racial discrimination are 'inherently of public concern'") (quoting *Connick*, 461 U.S. at 148 n.8). Even if the allegations in the complaint do not make out a violation of Lors's *own* First Amendment rights, the ADA's anti-retaliation provision is valid as "a reasonable prophylactic measure" as applied to the "class of cases" alleging retaliation by public employers. Cf. *Lane*, 541 U.S. at 533. Because so much of the conduct in that class of cases will violate state employees' First Amendment rights, but determining whether an individual employee's rights were violated requires resolution of difficult and uncertain factual questions,[3] Congress appropriately included an added margin of protection for those rights. By failing even to consider whether the ADA's anti-retaliation

---

[3] Compare *McCullough v. Univ. of Arkansas for Med. Sciences*, 559 F.3d 855, 866 (8th Cir. 2009) ("When speech relates both to an employee's private interests as well as matters of public concern, the speech is protected if it is primarily motivated by public concern.") (internal quotation marks omitted); with *Gunter v. Morrison*, 497 F.3d 868, 872 (8th Cir. 2007) (lawsuit against city was speech on a matter of public concern even though district court found that the plaintiff "was motivated solely by self-interest").

Appellate Case: 12-2955    Page: 15    Date Filed: 08/20/2013 Entry ID: 4067046

provision enforces First Amendment rights, the panel's decision conflicts with the Supreme Court's decisions in *Lane* and *Georgia*, as well as the Ninth Circuit's decision in *Alaska*.

B.  *The Panel's Rejection of Lors's* Ex parte Young *Claim Conflicts with the Supreme Court's Decision in* VOPA v. Stewart

The Supreme Court established in *Ex parte Young*, *supra*, that sovereign immunity does not bar an action for prospective injunctive relief against state officials in their official capacity.  See *VOPA*, 131 S. Ct. at 1638. Lors's claim for reinstatement plainly satisfies those requirements.  Lors did not simply sue the state *eo nomine*; he also sued the relevant state officials in their official capacity.  His complaint expressly sought "injunctive relief." Panel op. 9 n.5.  And Lors made clear, after the panel raised the sovereign immunity issue *sua sponte*, that the injunctive relief he sought was "reinstatement to his previous employment."  Panel op. 8.  This Court has held that reinstatement is a prospective injunctive remedy under *Ex parte Young*. See *Campbell v. Arkansas Dep't of Correction*, 155 F.3d 950, 962 (8th Cir. 1998).

In rejecting Lors's *Ex parte Young* claim, the panel concluded that "Lors's complaint does not contain a pleading for injunctive relief but only a generic prayer for unspecified injunctive relief."  Panel op. 8-9.  But there is no requirement that a plaintiff file a separate "pleading for injunctive relief."

12

Because the district court resolved this case on defendants' motion for summary judgment, Lors had no opportunity to file a trial brief or post-trial motion for relief describing in detail the injunction he sought. And defendants did not file a single paper asserting that Lors's prayer for relief was insufficient to invoke *Ex parte Young*. They did not file a motion for more definite statement under Fed. R. Civ. P. 12(e) nor a motion to dismiss under Fed. R. Civ. P. 12(b)(1); they did not raise the *Ex parte Young* issue in their motion for summary judgment in the district court; and they did not even address the question in the supplemental brief the panel ordered them to file on sovereign immunity.

The panel's ruling violates the Supreme Court's instruction that resolution of an *Ex parte Young* question requires nothing more than "a straightforward inquiry" into whether the complaint "seeks relief properly characterized as prospective." *VOPA*, 131 S. Ct. at 1639 (internal quotation marks omitted). The inquiry in which the panel engaged was anything but straightforward. Although the complaint explicitly sought injunctive relief, and Lors made clear as soon as the issue was raised that the injunctive relief he sought was reinstatement—a standard form of relief in employment cases, and one this Court has held to be prospective—the panel strained to conclude that Lors had not sought relief properly characterized as prospective.

Appellate Case: 12-2955    Page: 17    Date Filed: 08/20/2013 Entry ID: 4067046

Even in a case in which the complaint had been prepared by counsel, that holding would be in error. That Lors filed his complaint *pro se* only magnifies the panel's error, for the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (internal quotation marks omitted). The panel's failure to heed the Supreme Court's instructions in *VOPA* and *Erickson* calls out for rehearing.

## Conclusion

The panel should grant rehearing; invite the United States to intervene to defend the constitutionality of the ADA's abrogation of sovereign immunity in employment-retaliation cases; withdraw its ruling that Lors's claim is barred by sovereign immunity; proceed to the merits; and reverse for the reasons stated in Lors's opening and reply briefs. In the alternative, this Court should grant rehearing *en banc* and take the same steps.

Respectfully Submitted.

/s/*Samuel R. Bagenstos*
Samuel R. Bagenstos
625 S. State St.
Ann Arbor, MI 48109
(734)647-7584
sbagen@gmail.com
*Counsel for Plaintiff-Appellant*

14

**Appendix**
(Panel Opinion)

# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2955

_____

Tim Lors, acting in his own capacity

*Plaintiff - Appellant*

v.

Jim Dean, acting in his official capacity; Deb Dufour, acting in her official and individual capacities; Kim Stahl, acting in her official and individual capacities; Otto Doll, acting in his official and individual capacities; Bureau of Telecommunications, The State of South Dakota; Attorney General: Marty Jackley; Governor: Michael Rounds

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: May 14, 2013
Filed: August 8, 2013

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Tim Lors sued his employer, the South Dakota Bureau of Information and Technology (BIT), and various state employees (collectively, "defendants"), alleging

retaliation in response to a prior discrimination suit that he filed against the same defendants. Lors's complaint asserted jurisdiction under various federal statutes, including Titles I and V of the Americans With Disabilities Act of 1990 (ADA). The district court[1] granted summary judgment to the defendants on the merits. Lors appealed, and we issued a sua sponte order for supplemental briefing to address whether sovereign immunity bars Lors's claims. Upon review, we hold that sovereign immunity bars Lors's claims for money damages against the defendants, and we dismiss this appeal for lack of jurisdiction.

## I. *Background*

The BIT employed Lors as a Computer Support Team Leader until November 2004 when Lors's supervisors transferred him to a Computer Support Analyst position. After his transfer, Lors filed a complaint in federal court, alleging discrimination under Section 504 of the Rehabilitation Act of 1973 and the ADA. Animosity and mistrust developed between Lors and his coworkers, in part because his coworkers learned that Lors made, and continued to make, secret recordings of his conversations at work. On December 15, 2008, the district court granted summary judgment to the defendants on Lors's discrimination claim. *Lors v. Dean*, No. 07-3017, 2008 WL 5233105 (D.S.D. Dec. 15, 2008). Lors appealed the court's grant of summary judgment to this court. On March 17, 2009, Lors's supervisors placed him on a 30-day work improvement plan (WIP). Lors failed to meet the goals under the WIP, and the BIT terminated Lors's employment on April 23, 2009. Lors's appeal of his discrimination claim was still pending before this court at the time of his termination. This court subsequently affirmed the district court's grant of summary judgment.[2] *Lors v. Dean*, 595 F.3d 831 (8th Cir. 2010).

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

[2]Our decision in Lors's appeal of his discrimination claim does not preclude us from addressing the issue of sovereign immunity under the ADA on this appeal of his

-2-

Lors filed a grievance with the South Dakota Career Service Commission (CSC). He argued that the BIT terminated him in retaliation for his filing of the discrimination lawsuit. The CSC determined that the BIT terminated Lors's employment for cause, and it found no credible evidence that the BIT terminated Lors in retaliation for his discrimination-lawsuit filing. The Sixth Judicial Circuit Court of South Dakota, Civ. No. 10-294, affirmed the CSC's findings. Lors did not appeal the state court's decision. Lors then applied for unemployment benefits, and his claim was denied. He appealed the denial, and the Unemployment Insurance Appeals Division of the South Dakota Department of Labor determined that Lors was not eligible for benefits because he had been terminated for misconduct.

Lors then filed the instant action, pro se, in the district court, alleging retaliation and asserting jurisdiction under Titles I and V of the ADA, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Civil Rights Act of 1991.[3] The defendants asserted various defenses and alleged that they were immune to suit under the Eleventh Amendment and the doctrine of sovereign immunity. The defendants

---

retaliation claim. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925).

[3]Neither the Civil Rights Act of 1991 nor Title VII establish jurisdiction over Lors's claims in this appeal. First, the Civil Rights Act of 1991 was enacted to amend the ADA and Title VII. As such, it does not provide any basis for this court's jurisdiction over Lors's claims that is independent of the ADA or Title VII. Furthermore, although "Congress . . . abrogat[ed] States' sovereign immunity in Title VII of the Civil Rights Act of 1964, 78 Stat. 255, 42 U.S.C. § 2000e-2(a), and [the Supreme Court] sustained this abrogation in *Fitzpatrick* [*v. Bitzer*, 427 U.S. 455 (1976)]," *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 729–30 (2003), Title VII only pertains to claims brought on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Lors does not claim retaliation on the basis of race, color, religion, sex, or national origin. Consequently, this court also does not have jurisdiction under Title VII over Lors's claims.

-3-

moved for summary judgment. The district court evaluated Lors's claim under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The court found that Lors established a prima facie case of retaliation, but it also found that the defendants rebutted the resulting "presumption of retaliation by articulating a legitimate, non-retaliatory reason for the adverse employment action." *Lors v. Dean*, No. 10-3024-RAL, 2012 WL 2970492, at *8 (D.S.D. July 20, 2012) (citing *Mitchell v. Iowa Prot. & Advocacy Servs., Inc.*, 325 F.3d 1011, 1013 (8th Cir. 2003)). The court found that "the CSC, the circuit court affirmance of the CSC ruling, and the Unemployment Insurance Appeals Division rulings all have issue preclusion effect that there existed legitimate non-discriminatory grounds for discipline and termination of Lors." *Id.* The court then found that

> Lors's evidence and explanations are not sufficient as a matter of law to create a genuine issue of material fact as to whether the employer's proffered reasons were pretextual or create an issue of fact on that subject, especially when the findings of two state tribunals have found preclusive effect that there was cause for BIT to discipline Lors and terminate Lors's employment apart from the ADA claim.

*Id.* Consequently, the district court granted the defendants' motion for summary judgment. *Id.* The district court did not address the issue of sovereign immunity. *See id.* Lors appealed, and both sides briefed the merits of Lors's claim. Because "sovereign immunity . . . is a jurisdictional threshold matter," *see Harmon Indus., Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999), and presents "a jurisdictional question that may be raised at any time," *United States v. Johnson*, 853 F.2d 619, 623 n.7 (8th Cir. 1988) (citations omitted), we issued, sua sponte, an order for supplemental briefing to address whether Lors's claims against the state and its employees under Titles I and V of the ADA were barred by sovereign immunity.

Appellate Case: 12-2955    Page: 23    Date Filed: 08/20/2013 Entry ID: 4067046

## II. *Discussion*

Lors argues that sovereign immunity does not bar his claims and that this court has jurisdiction to adjudicate them. Questions of sovereign immunity are subject to de novo review. *See United States v. Moser*, 586 F.3d 1089, 1092 (8th Cir. 2009); *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084–85 (8th Cir. 2006). Article III of the U.S. Constitution vests "[t]he Judicial power of the United States" in the federal courts. U.S. Const. art. III. The Eleventh Amendment restricts the scope of the judicial power. It provides, in pertinent part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. By its terms, the Eleventh Amendment does not bar claims against a state by its own citizens. *See id.* But since 1890, the Supreme Court has held that Eleventh Amendment sovereign immunity extends to claims by a state's own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890).

When Congress enacted the ADA in 1990, it sought to abrogate state sovereign immunity to lawsuits alleging that a state violated its provisions. *See* 42 U.S.C. § 12202.

> [W]e held in *Alsbrook v. City of Maumelle, Ark.*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), *cert. dismissed*, 529 U.S. 1001, 120 S. Ct. 1265, 146 L. Ed. 2d 215 (2000), that Title II of the ADA "was not a proper exercise of Congress's power under Section 5 of the Fourteenth Amendment" and therefore did not abrogate Eleventh Amendment immunity.

*Doe v. Nebraska*, 345 F.3d 593, 600–01 (8th Cir. 2003). As we stated in *Alsbrook*,

> it cannot be said that in applying Title II of the ADA to the states, Congress has acted to enforce equal protection guarantees for the disabled as they have been defined by the Supreme Court. We find

Appellate Case: 12-2955    Page: 24    Date Filed: 08/20/2013 Entry ID: 4067046

therefore, that the extension of Title II of the ADA to the states was not a proper exercise of Congress's power under Section 5 of the Fourteenth Amendment. Consequently, there is no valid abrogation of Arkansas' Eleventh Amendment immunity from private suit in federal court and the district court lacked subject matter jurisdiction over the ADA claim.

*Alsbrook*, 184 F.3d at 1010. Subsequently, the Supreme Court overturned Congress's attempted abrogation of sovereign immunity to claims for violations of Title I of the ADA in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001). The plaintiffs in that case filed suit against various state defendants, seeking money damages for a violation of Title I of the ADA. *Id.* at 362. On review, the Supreme Court ruled that, although "Congress may subject nonconsenting States to suit in federal court when it does so pursuant to a valid exercise of its § 5 power," "Congress' § 5 authority is appropriately exercised only in response to state transgressions." *Id.* at 364, 368. The Court found that the "legislative record of the ADA . . . simply fails to show that Congress did in fact identify a pattern of irrational state discrimination in employment against the disabled." *Id.* at 368. Consequently, the Court held that the Eleventh Amendment bars Title I ADA claims for money damages brought by state employees in federal court. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002) ("In . . . *Garrett* . . . , the Supreme Court ruled that a state is immune from suit under Title I of the ADA unless it waives its sovereign immunity.").

Here, Lors asserts a retaliation claim under Title V of the ADA that is premised on alleged prior discrimination under Title I of the ADA.

Neither the Supreme Court nor the Eighth Circuit has addressed whether Title V is valid abrogation of state sovereign immunity. However, other courts have concluded that the Supreme Court's holding in *Garrett* "necessarily applies to claims brought under Title V [when] the claims are predicated on alleged violations of Title I." *Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001); *see also Reed v. College of the*

-6-

*Ouachitas*, No. 6:11CV6020, 2012 WL 1409772, *5 (April 23, 2012 W.D. Ark.) (noting that Supreme Court precedent supports a conclusion that Congress may not abrogate the states' Eleventh Amendment immunity from claims brought pursuant to Title V of the ADA); *Morr v. Missouri Dept. of Mental Health*, No. 4:08CV359 RWS, 2009 WL 1140108, *4 (April 28, 2009 E.D. Mo.) (finding Title V claim for damages barred by the Eleventh Amendment).

*Tinzie v. Ark. Dep't of Workforce Servs.*, No. 4:11CV00683 SWW, 2012 WL 1739859, at *3 (E.D. Ark. May 16, 2012) (alteration in original). Shortly after the Supreme Court issued *Garrett*, the Ninth Circuit issued its opinion in *Demshki*. The plaintiff in *Demshki* was fired from his new position with the California Senate Rules Committee after voicing his concern that the Rules Committee violated disability law in declining to hire a fellow campaign worker who spoke with a speech impediment. 255 F.3d at 987. The plaintiff filed suit, alleging retaliation, in violation of Title V of the ADA. *Id.* at 988. The Ninth Circuit found that sovereign immunity protected the Rules Committee from the plaintiff's ADA retaliation claim and directed the district court to dismiss it. *Id.* at 989. The court stated:

> There is nothing in the ADA's legislative findings demonstrating a pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled. Absent a history of such evil by the states, Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims. *See Garrett,* 121 S. Ct. at 967–68.

*Id.* The Ninth Circuit recognized that the Supreme Court's holding in *Garrett* "necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I." *Id.*

> Several district courts have agreed with the Ninth Circuit's reasoning in *Demshki*, and relied on the decision to support the holding that a

-7-

Title V claim was barred by the ADA. *See, e.g.*, *Tinzie v. Arkansas Dep't of Workforce Servs.*, No. 4:11CV00683, 2012 WL 1739859, at *3 (E.D. Ark. May 16, 2012); *Reed v. Coll. of the Ouachitas*, No. 6:11-CV-6020, 2012 WL 1409772, at * 5 (W.D. Ark. Apr. 23, 2012); *Collazo-Rosado v. Univ. of Puerto Rico*, 775 F. Supp. 2d 376, 386–87 (D.P.R. 2011); *Morr*, 2009 WL 1140108, at *4; *but see Villanueva-Cruz v. Puerto Rico*, No. CIV. 10-2075, 2012 WL 1712691, at * 6 (D.P.R. May 15, 2012).

*Merbach v. N. Dakota State Water Comm'n*, No. 1:13-CV-030, 2013 WL 2252916, at *3 (D.N.D. May 22, 2013). We also find *Demshki* persuasive, and we hold that sovereign immunity shields the state defendants from Lors's claims for money damages under Titles I and V of the ADA.

Lors argues that his suit can still survive summary judgment, despite the state's sovereign immunity to claims for money damages, because his prayer for relief also requested injunctive relief. Lors points to *Garrett*, which explains that "Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced . . . by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)." 531 U.S. at 374 n.9. Lors argues that reinstatement to his previous employment would be an appropriate injunctive remedy. He cites *Morr*, in which the plaintiff survived summary judgment on both of her Title I and Title IV ADA claims because her complaint contained a pleading for reinstatement to her position—a form of prospective injunctive relief.[4] 2009 WL 1140108, at *6. However, unlike the complaint in *Morr*, Lors's complaint does not contain a pleading for injunctive relief but only a generic prayer for

---

[4]The complaint in *Morr*, under a section titled, "V. Damages and Remedies," stated: "48. Plaintiff also seeks an injunction for reinstatement to her former position, a declaratory ruling that Defendants' conduct was unlawful and discriminatory, and such other and further relief as the Court deems necessary and proper under the circumstances."

-8-

unspecified injunctive relief.[5] Furthermore, addressing a related point, Lors's supplemental brief states that "[b]ecause the *Tinzie* plaintiff had not plead[ed] for any prospective injunctive relief, the District Court directly applied the *Garrett* analysis to the Title I ADA claim and found it barred." But the complaint in *Tinzie* contained a more substantive prayer for injunctive relief than Lors's complaint.[6] Thus, if the *Tinzie* complaint failed to plead a claim for prospective injunctive relief, then, *a fortiori*, Lors's complaint also fails to do so. "Although a pro se complaint is to be liberally construed, it 'must contain specific facts supporting [a legally cognizable claim].'" *See Lally v. Crawford Cnty. Trust & Sav. Bank, Denison, IA*, 863 F.2d 612,

---

[5]Lors's prayer for relief states:

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

    A.    Award plaintiff compensatory damages for loss of income, health benefits, emotional distress, and all other damages available under the ADA and South Dakota law;
    B.    Award plaintiff punitive damages;
    C.    *Award injunctive relief*;
    D.    Award plaintiff attorney fees and other costs;
    E.    Such other and further relief that this Court may deem just and appropriate.

(Emphasis added.)

[6]The prayer for relief in *Tinzie* stated:

Plaintiff prays for back pay or reinstatement to her position as AAS Writer II. Plaintiff seeks retroactive back pay, unpaid hourly wages, unpaid holidays and reinstatement or front pay caused by the Defendants acts of discrimination, harassment and retaliation. In addition, the Plaintiff seeks declaratory and injunctive relief from acts of discrimination, harassment and retaliation within Defendants work place.

Appellate Case: 12-2955   Page: 28   Date Filed: 08/20/2013 Entry ID: 4067046

613 (8th Cir. 1988) (quoting *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)). Lors has not done so here. Consequently, we hold that Lors's complaint did not plead a claim for prospective injunctive relief.

### III. *Conclusion*

Because we hold that sovereign immunity shields the state defendants against Lors's claims for money damages and that Lors did not plead a claim for prospective injunctive relief, we have no jurisdiction to consider the merits of Lors's appeal. Consequently, we dismiss this appeal and remand for further proceedings consistent with this opinion.

_____

Appellate Case: 12-2955    Page: 29    Date Filed: 08/20/2013 Entry ID: 4067046

# CERTIFICATES OF SERVICE
# FOR DOCUMENTS FILED USING CM/ECF

### Certificate of Service When All Case Participants Are CM/ECF Participants

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/_____
