No: 12-2955

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

TIM LORS,
Plaintiff-Appellant,

-vs-

JIM DEAN, et al.
Defendants-Appellees.

APPEAL FROM U.S. DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION
THE HONORABLE ROBERTO A. LANGE PRESIDING
(CIV 10-3024-RAL)

**APPELLEES' REPLY TO PETITION FOR REHEARING OR
IN THE ALTERNATIVE FOR REHEARING *EN BANC***

Douglas A. Abraham
May, Adam, Gerdes & Thompson LLP
P.O. Box 160
Pierre, SD 57501-0160
(605)224-8803
daa@magt.com
Counsel for Defendants-Appellees

Samuel R. Bagenstos
625 S. State St.
Ann Arbor, MI 48109
(734) 647-7584
sbagen@gmail.com
Counsel for Plaintiff-Appellant

## TABLE OF CONTENTS

Page No.

PROCEDURAL HISTORY ................................................................... 1

ARGUMENT ....................................................................................... 4

    A. The Panel correctly applied *Garrett* to bar assertion of Title V retaliation claims that are predicated upon allegations of Title I violations. ............................................................................................ 4

    B. The Court correctly determined that Lors failed to assert a claim for prospective injunctive relief. ........................................... 7

CONCLUSION .................................................................................... 8

CERTIFICATE OF SERVICE ............................................................. 9

# TABLE OF AUTHORITIES

CASES CITED: Page No.

*Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001) ................................................................................... passim

*Demshki v. Monteith*, 255 F.3d 986 (9th Cir. 2001) ........................ passim

*Ex parte Young*, 209 U.S. 123 (1908) ............................................ passim

*Lally v. Crawford Cnty. Trust and Sav. Bank, Denison, Ia*, 863 F.2d 612 (8th Cir. 1988) ................................................................................ 8

*Lors v. Dean*, No. 07-3017, 2008 WL 5233105 (D.S.D. Dec. 15, 2008) .... 1

*Lors v. Dean*, 595 F.3d 831 (8th Cir. 2010) .................................... passim

*Morr v. Missouri Dept. of Health*, No. 4:08CV359 RWS, 2009 WL 1140108 (April 28, 2009 E.D. Mo.) ..................................................................... 3

*Reed v. College of the Ouachitas*, No. 6:11CV6020, 2012 WL 1409772 (April 23, 2012 W.D. Ark.) ............................................................................ 3

*Tennessee v. Lane*, 541 U.S. 509 (2004) ........................................ passim

*Tinzie v. Ark. Dept. of Workforce Servs.*, No. 4:11CV00683 SWW, 2012 WL 1739859 (E.D. Ark. May 16, 2012) ...................................................... 3

*United States v. Georgia*, 546 U.S. 151 (2006) .............................. passim

FEDERAL STATUTES CITED:

Americans with Disabilities Act .................................................. passim

Title I, 42 U.S.C. sec. 12111 *et seq.* .............................................. passim

Title II, 42 U.S.C. sec. 12131 *et seq* ............................................. passim

Title V, 42 U.S.C. sec. 12201 *et seq.* ............................................ passim

## PROCEDURAL HISTORY

The present action stems from an allegation of discrimination under Title I of the Americans with Disabilities Act that was filed by Appellant after he was transferred positions by his employers, the South Dakota Bureau of Information and Technology ("BIT"). Panel op. 2. Lors' initial claim for discrimination was defeated when the district court granted summary judgment for Defendants on December 15, 2008. *See Lors v. Dean*, No. 07-3017, 2008 WL 5233105 (D.S.D. Dec. 15, 2008). Lors appealed that decision to the Eighth Circuit Court of Appeals. Panel op. 2. Lors was terminated during the pendency of that appeal. Panel op. 2. Thereafter, the Eighth Circuit Court of Appeals affirmed the District Court's grant of summary judgment. *See Lors v. Dean*, 595 F.3d 831 (8th Cir. 2010).

After his termination, Lors filed a grievance with the South Dakota Career Service Commission as well as an action before the Unemployment Insurance Appeals Division of the South Dakota Department of Labor. Panel op. 3. The Career Service Commission found that the BIT terminated Lors' employment for cause and that no credible evidence existed supporting Lors' claim for retaliation for the filing of his discrimination lawsuit. Panel op. 3. The Sixth Judicial Circuit Court of the State of South Dakota affirmed the Career Service Commission's findings. Panel op. 3. Similarly, the Unemployment Insurance Appeals

1

Division found Lors was not eligible for benefits because he had been terminated for misconduct.

Thereafter, Lors commenced the action that is the subject of the present Petition. Lors' Complaint alleged various violations including violations of Titles I and V of the ADA. Panel op. 3. Defendants answered, asserted various defenses including the Eleventh Amendment and the Doctrine of Sovereign Immunity. Panel op. 3

After substantial discovery, Defendants moved for summary judgment. Panel op. 4. The District Court found Lors established a *prima facie* case of retaliation but also found the Defendants had rebutted the presumption of retaliation by articulating a legitimate, non-retaliatory reason for the adverse employment action. Panel op. 4; *Lors v. Dean*, No. 10-3024-RAL, 2012 WL 2970492 (D.S.D. July 20, 2012). The District Court further found that due to the preclusive effect of the Career Service Commission ruling and the Unemployment Insurance Appeals Division ruling:

> Lors's evidence and explanations are not sufficient as a matter of law to create a genuine issue of material fact as to whether the employer's proffered reasons were pretextual or create an issue of fact on that subject, especially when the findings of two state tribunals have found preclusive effect that there was cause for BIT to discipline Lors and terminate Lors's employment apart from the ADA claim.

*Id.*

Lors appealed the District Court's decision. Panel op. 4. The Eighth Circuit Panel, *sua sponte,* issued an Order for supplemental briefing to address whether Lors' claims against the State and its employees under Titles I and V of the ADA were barred by sovereign immunity. Panel op. 4. The opinion held sovereign immunity shields the State Defendants from Lors' claims for money damages under Titles I and V of the ADA and thus the Court lacked jurisdiction to determine his claims and remanded the case for action consistent with its decision. Panel op. 8-10. In so holding, the Court acknowledged the Supreme Court of the United States' decision in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001) and its application to Title V of the ADA consistent with all federal courts that have entertained the issue. *See Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001); *Reed v. College of the Ouachitas*, No. 6:11CV6020, 2012 WL 1409772 (April 23, 2012 W.D. Ark.); *Morr v. Missouri Dept. of Health*, No. 4:08CV359 RWS, 2009 WL 1140108 (April 28, 2009 E.D. Mo.); *Tinzie v. Ark. Dept. of Workforce Servs.*, No. 4:11CV00683 SWW, 2012 WL 1739859 (E.D. Ark. May 16, 2012).

At oral argument, the Court specifically noted that Article II claims had been allowed by subsequent decisions of the Supreme Court of the United States, such cases specifically referencing *Garrett* and acknowledging the application of *Garrett* to Title I claims.

3

**ARGUMENT**

The Panel correctly held that it lacked jurisdiction to consider Lors' claims as Congress lacked the power to abrogate state sovereign immunity for claims of retaliation that are predicated upon an alleged violation of Title I. *See generally* Panel op. Neither *Tennessee v. Lane*, 541 U.S. 509 (2004) nor *United States v. Georgia*, 546 U.S. 151 (2006) abrogated the Supreme Court's holding in *Garrett*. Further, the Court correctly refused to permit Lors' claim for reinstatement as he failed to assert a claim for prospective injunctive relief. Lors failure to plead a sufficient claim for relief does not offend the principles embodied in *Ex parte Young*, 209 U.S. 123 (1908).

### A. The Panel correctly applied *Garrett* to bar assertion of Title V retaliation claims that are predicated upon allegations of Title I violations.

In holding that Lors' Title V retaliation claim was barred by the Doctrine of Sovereign Immunity, the Panel relied upon *Garrett* which held the Eleventh Amendment bars Title I ADA claims for money damages brought by state employees in federal court and *Garrett's* application to Title V retaliation claims that are predicated on Title I violations as applied by the Ninth Circuit in *Demshki*. *See* 531 U.S. at 364, 368; 255 F.3d at 988. The Panel also noted that the *Demshki* decision had been adopted by several district courts and that no apposite authority was cited concerning application to Title V. The same remains true today.

4

Appellant alleges the Panel ignored subsequent holdings of the United States Supreme Court in *Lane* and *Georgia* by following the *Garrett* decisions subsequent application in *Demshki*. This conclusion is inexplicable as both *Lane* and *Georgia* acknowledge *Garrett* is controlling law as to Title I claims and *Lane* and *Georgia* only implicate Title II which addresses substantially disparate issues. *See Lane*, 541 U.S. at 522.

Appellant's reliance on *Lane* is especially misplaced given *Lane's* specific language. In acknowledging that *Garrett* remained the law of the land as to Title I claims, the Supreme Court wrote "in view of the significant differences between Titles I and II, however, *Garrett* left open the question whether Title II is a valid exercise of Congress' § 5 enforcement power. It is to that question that we now turn." *Lane*, 541 U.S. at 522. Thus, it is clear from the specific language of *Lane* that the holding in *Garrett* was in no way disturbed.

Further, the Appellant's allegation that *Georgia* upset the *Garrett* decision is also misplaced. The *Georgia* decision is simply an expansion of the Supreme Court's decision in *Lane*. In *Georgia*, the Supreme Court addressed Title II's abrogation. The *Georgia* court also articulated a step-by-step process in addressing Title II ADA abrogation questions that may limit the court's holding in *Lane*. Appellant incorrectly argues that the present decision of the Panel is implicated by *Georgia*. Such is unsupported by the decision in *Georgia* and Appellant fails to relate how

5

*Georgia* or *Lane* would control or in any way abrogate the Supreme Court's holding in *Garrett*.

Appellant also incorrectly relates that the Panel's decision relied on *Alsbrook v. City of Maumelle,* 184 F.3d 999 (8th Cir. 1999). The Panel simply referenced *Alsbrook,* a Title II matter, as a case in the procedural history of the application of sovereign immunity to ADA claims before this Court. As the present claim implicates Title V and Title I of the ADA, the Appellant's argument that the Panel relied on *Alsbrook* is illogical given the Panel's express reliance on *Garrett* and *Demshki*, two cases unaffected by the *Lane* and *Georgia* decisions and subsequent to *Alsbrook*.

Further, the Appellant again incorrectly argues that the abrogation of sovereign immunity should be expanded in retaliation cases to also act as prophylactic against violations of employees' First Amendment rights and in support thereof cites *Alaska v. EEOC*, 564 F.3d 1062 (9th Cir. 2009). Appellant misconstrues the holding in *Alaska*. The present situation is not a matter of public concern and no allegations of violations of Lors' First Amendment rights have been posited. Nor has a pattern of suppression of disabled individual's First Amendment rights been evidenced or acknowledged.

Appellant also misapplies *Lane* in arguing that the ADA's anti-retaliation provision is valid as a reasonable prophylactic measure as applied to the class of cases alleging retaliation by public employers as such
6

conclusion fails for the same justification the Supreme Court relied upon in *Garrett*. *Lane* did not expand the Court's analysis in that regard.

The Panel correctly applied *Garrett* and *Demshki* to Lors' claims and Appellant's allegations that the Panel misapprehended the issue is unsupported by the precedent relayed in his petition.

> **B.    The Court correctly determined that Lors failed to assert a claim for prospective injunctive relief.**

Appellant seeks to redraft his pleadings based upon the oral argument presented to the Panel. Such is not sufficient to justify failure to plead specific facts as specific claim for prospective injunctive relief. As the Panel correctly held, such a pleading failure does not offend the holding in *Ex parte Young* but merely enforces the requirement of the pleading to include a substantive prayer for prospective injunctive relief.

As the court noted, the same issue presented in *Tinzie* and the *Tinzie* complaint contained a much more substantive prayer for injunctive relief than Lors' complaint. Thus, as Lors' complaint contained a less substantive claim for prospective injunctive relief than that in *Tinzie* and *Tinzie's* was insufficient so Lors' must also be. Additionally, as the court noted, "although a pro se complaint is to be liberally construed, it 'must contain specific facts supporting [a legally cognizable claim].'" *Lally v. Crawford Cnty. Trust and Sav. Bank, Denison, Ia*, 863 F.2d 612, 613 (8th Cir. 1988). Lors' complaint failed to sufficiently assert a claim for prospective

7

injunctive relief and cannot be redrafted based upon his claim at oral argument that reinstatement would be a sufficient remedy.

## CONCLUSION

The Panel correctly held that Title V retaliation claims predicated upon Title I violations are controlled by the precedent embodied in *Garrett* and *Demshki* and are not affected by the Supreme Court's subsequent holdings in *Lane* and *Georgia*. The Panel also correctly held Lors failed to assert a claim that would invoke the doctrine of *Ex parte Young*. The Panel adequately and sufficiently entertained the legal issues before it and properly applied the precedent. Rehearing is unnecessary either *en banc* or by the Panel and will only serve to further increase the costs already incurred by the Appellees. As previously noted by this Court and others, a significant role of the Doctrine of Sovereign Immunity is to shortcut precluded claims and conserve the resources of state actors.

Dated this 16th day of September, 2013.

          MAY, ADAM, GERDES & THOMPSON LLP

          BY: */s/Douglas A. Abraham*
          DOUGLAS A. ABRAHAM
          Attorneys for Defendants-Appellees
          503 South Pierre Street
          P.O. Box 160
          Pierre, South Dakota    57501-0160
          Telephone: (605)224-8803
          Telefax: (605)224-6289
          E-mail daa@magt.com

# CERTIFICATE OF SERVICE
# FOR DOCUMENTS FILED USING CM/ECF

      I hereby certify that on September 16, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      */s/ Douglas A. Abraham*
DOUGLAS A. ABRAHAM
Attorneys for Defendants-Appellees
503 South Pierre Street
P.O. Box 160
Pierre, South Dakota 57501-0160
Telephone: (605)224-8803
Telefax: (605)224-6289
E-mail daa@magt.com

9